**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

JULIUS JOHNSON                                                                                              PLAINTIFF
ADC #70933

V.                                          NO: 4:10CV00905 JMM/HDY

DOC HOLLADAY *et al.*                                                                                  DEFENDANTS

## ORDER

Pending before the Court are Plaintiff's motion for leave to amend to correct the spelling of Defendant Doc Holladay's name, to request certain discovery items, and to add Maxim Health Care Services and Sgt. Brawley as Defendants (docket entry #25); his motion for leave to begin discovery (docket entry #27); and his motion for default judgment against Defendant Rhonda Anderson (docket entry #30).

Plaintiff's motion for leave to amend, which is actually several motions in one (docket entry #25), is GRANTED IN PART AND DENIED IN PART. Plaintiff's motion is granted to the extent that the Clerk is directed to add as Defendants Maxim Health Care Services and Sgt. Brawley, and Plaintiff is granted leave to incorporate into his complaint the allegations set forth in his motion. Service is appropriate on Maxim Health Care Services and Sgt. Brawley, and the United States Marshal is directed to serve a copy of the complaint and declaration (docket entries #2 & #3), amended complaint (docket entry #25), this order, and summons, upon them, without prepayment of fees and costs or security therefor.

Plaintiff's motion also seeks appointment of counsel. It is well settled that a *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case. *Stevens v. Redwing*,

1

146 F.3d 538, 546 (8th Cir. 1998).  However, the Court may, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim and that the nature of the litigation is such that the plaintiff, as well as the Court, will benefit from the assistance of counsel. *Johnson v. Williams*, 788 F.2d 1319, 1322  (8th Cir. 1986).  In making this determination, the Court must weigh and consider the following factors:  (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims.  *Id*. at 1322-23.  These factors are not an exclusive checklist, and the "weight to be given any one factor will vary with the case." *Id*. at 1323; *see also Stevens*, 146 F.3d at 546; *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

Plaintiff's claims are not legally or factually complex.  Furthermore, it appears from the record that Plaintiff is capable of presenting his claims without the benefit of appointed counsel.  Thus, the Court concludes that the pertinent factors do not weigh in favor of appointment of counsel at this time.  Plaintiff motion for leave to amend is denied in all other respects, as Holladay's correct name is already part of the record, and the information Plaintiff seeks may be pursued in the discovery process as set forth in the Federal Rules of Civil Procedure.

Plaintiff's motion for leave to begin discovery (docket entry #27) is GRANTED.  Because Anderson has already filed a responsive pleading (docket entry #15), Plaintiff's motion for default judgment against her (docket entry #30) is DENIED.

IT IS SO ORDERED this   29   day of October, 2010.

UNITED STATES MAGISTRATE JUDGE