IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

JULIUS JOHNSON                                                                                   PLAINTIFF
ADC #70933

V.                                          NO: 4:10CV00905 JMM/HDY

DOC HOLIDAY *et al.*                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

1

>   hearing before the District Judge in the form of an offer of
>   proof, and a copy, or the original, of any documentary or
>   other non-testimonial evidence desired to be introduced at
>   the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Grimes Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on July 13, 2010, after an incident involving his use of another detainee's razor. Defendants are nurse Rhonda Anderson, Maxim Health Care Services Inc. ("Maxim"), jailer Ashley Greer, and unnamed Does.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on June 1, 2011, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-2

(1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

  1. Plaintiff was a pre-trial detainee at the Pulaski County Regional Detention Facility ("PCRDF") on June 1, 2010, when he requested to use a razor during the time period designated for shaving. Razors at the PCRDF are stored in a bag labeled with the detainee's name. Names are also on the razors themselves. At the designated time, guards distribute the razors on a tray, with each detainee selecting, and signing for, his razor. On June 1, 2010, Greer distributed the razors.

  2. Plaintiff suffers from poor eyesight, and his glasses had been confiscated when the razors were distributed. As a result, Plaintiff mistakenly selected another detainee's razor. The razor was dull, and Plaintiff sustained many cuts on his face in the course of shaving. Plaintiff's cellmate inspected the razor more closely, and told Plaintiff that razor actually belonged to another detainee.

  3. Upon learning that the razor belonged to another inmate, Plaintiff called for Greer, but she had taken a break. Another jailer responded to Plaintiff, and Anderson was called. Plaintiff told Anderson that he might need a tetanus shot, or to go to the emergency room, because the medical condition of the razor's prior user was unknown. Anderson, however, told him he could only have Tylenol.

  4. According to Plaintiff, the failure to give him a tetanus shot, or to transport him to the emergency room, led to him contracting an infection, which has caused vision and hearing loss, boils, heart problems, and high blood pressure.

  5. In essence, Plaintiff is asserting that the conditions of his confinement, particularly given his poor and uncorrected eyesight, amounted to a substantial risk of serious harm. Plaintiff

was a pre-trial detainee at the time the events complained of took place.  Therefore, Plaintiff's claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003).  Defendants violated Plaintiff's due process rights if the jail's conditions of confinement constituted punishment. *Id*. However, because, "[u]nder the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment," courts apply the identical deliberate indifference standard as that applied to conditions of confinement claims made by convicts.  *Id*. (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *see also Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994).

To prevail on a conditions of confinement claim, inmates or pre-trial detainees must show: (1) the condition was serious enough to deprive him of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the his health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam).  Assuming the use of another individual's razor constitutes a substantial risk of serious harm, Plaintiff presented no evidence to demonstrate Greer was deliberately indifferent to that risk.  Although Greer presented the tray of razors to Plaintiff, Plaintiff made no allegation that Greer caused him to select the wrong razor, or that she refused any request to help him select the correct razor.  At most, Plaintiff may have introduced facts to demonstrate Greer was negligent by not ensuring that the razor Plaintiff selected was actually his razor.  Negligence, however, is not a constitutional violation. *Newman v. Holmes*, 122 F.3d 650, 652 (8th Cir.1997).  Accordingly, Plaintiff's claims against Greer should be dismissed for failure to introduce sufficient evidence to create a fact issue to submit to a jury.

6.      Plaintiff also contends that the medical care he received after he used the razor was inadequate, which led to an infection and a host of physical problems. The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).[1] To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Although Plaintiff alleged that he contracted an infection from using the wrong razor, and subsequently suffered various physical problems, he introduced no medical evidence that any infection, or physical problem, was the result of the razor's use. In response to being asked if he was aware of any report linking his alleged problems to the razor incident, Plaintiff presented his exhibits #1 and #2. Neither exhibit demonstrates any medical opinion suggesting a connection between Plaintiff's symptoms, and his use of the wrong razor. The exhibits do show that Plaintiff filed a

---

[1] Although Plaintiff was a pre-trial detainee, the same Eighth Amendment standards are applied to his inadequate medical care claims as those made by convicted inmates. *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006).

medical request on the date of the incident, complaining of the facial cuts and a boil, that on June 4, 2011, the request was answered, and Plaintiff was referred to a physician. Plaintiff was seen on June 8, 2011, and prescribed Keflex, a hepatitis screen and liver function tests. Nothing in the exhibits demonstrates any medical evidence to connect Plaintiff's alleged physical problems to the use of the razor and any conclusion that they are related would be nothing more than speculation. Rather, Plaintiff's exhibits do demonstrate that neither Anderson, nor Maxim, were deliberately indifferent to his serious medical needs. Accordingly, Plaintiff's claims against Anderson and Maxim should also be dismissed for failure to introduce sufficient evidence to create a fact issue to submit to a jury.[2]

IT IS THEREFORE RECOMMENDED THAT:

1.	Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

2.	The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   2   day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff also identified an unnamed Defendant Doe, who is apparently a physician. Plaintiff introduced no facts regarding any constitutional violations committed by a Doe.